Joseph G. Sauder (*pro hac vice* forthcoming)
jgs@sstriallawyers.com
Matthew D. Schelkopf (*pro hac vice* forthcoming)
mds@sstriallawyers.com
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312

Alison M. Bernal (Bar No. 264629)
alison@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 West Mission Street, Suite 201
Santa Barbara, CA  93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LEA REIS on behalf of herself and all others similarly situated,

Plaintiff,

v.

HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY,

Defendants.

CASE NO.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

1. **Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.);**

2. **Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.);**

3. **Violation of the California False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.); and**

4. **Fraudulent Concealment under California Law.**

CLASS ACTION COMPLAINT                                                  Case No.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

Plaintiff Lea Reis brings this action against Defendants Hyundai Motor America ("HMA") and Hyundai Motor Company ("HMC") (collectively "Defendants"). Plaintiff's allegations against Defendants are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.     This is a class action lawsuit seeking to stop and prevent Defendants' illegal use of child labor.

2.     This class action lawsuit is brought by Plaintiff on behalf of herself and a national class of current and former owners and lessees of Hyundai vehicles that were assembled at Hyundai Motor Manufacturing Alabama, LLC ("HMMA") using parts or labor supplied by SMART Alabama LLC ("SMART"), which is a wholly owned subsidiary of HMC ("Class Vehicles").[1]

3.     This action arises from Defendants' failure to disclose to Plaintiff and similarly situated consumers that SMART has used illegal child labor at its manufacturing plant located in Montgomery, Alabama, to manufacture car parts provided to HMMA for the manufacture of Hyundai vehicles.

4.     On or about July 22, 2022, various news outlets reported that underage workers, in some cases as young as 11 years old, have recently worked at SMART's Montgomery, Alabama metal stamping plant.[2]

5.     Reuters reported that the exact number of underage workers at the SMART plant is unknown, but at least three underage employees have been

---

[1] Plaintiff reserves the right to amend the definition of the Class Vehicles after conducting discovery.
[2] https://www.reuters.com/world/us/exclusive-hyundai-subsidiary-has-used-child-labor-alabama-factory-2022-07-22/ (last visited July 26, 2022).

CLASS ACTION COMPLAINT                                      Case No.

identified as having recently worked at the plant this year and were not attending school.[3]

6.     Reuters further reported that based upon dozens of interviews with former and current SMART employees, these three identified underage employees were part of a larger cohort consisting of as many as 50 underage workers at the SMART plant, many of whom have ceased attending school in order to work long shifts at the plant.[4]

7.     The SMART plant has a documented history of health and safety violations, including amputation hazards, that make it a dangerous environment for employees, especially underage laborers who are prohibited by federal law from working at stamping plants until the age of 18.[5]

8.     The International Labour Organization has deemed such known hazardous environments and work around dangerous machinery, equipment, or tools as one of the "Worst Forms of Child Labour."[6]

9.     Prior to the revelation that it employed underage workers, SMART complained in late 2020 that its Montgomery, Alabama plant was severely lacking in labor and that Hyundai would not tolerate such shortcomings.[7] Upon information and belief, as a solution, Defendants presumably resorted to illegally hiring underage workers to cure its staffing woes in the SMART plant.

10.     Notwithstanding their awareness of child labor used at SMART's plant to manufacture parts for Hyundai Vehicles, Defendants did not disclose this to

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] http://www.ilo.org/ipec/facts/WorstFormsofChildLabour/lang--en/index.htm (last visited July 26, 2022).

[7] https://www.reuters.com/world/us/exclusive-hyundai-subsidiary-has-used-child-labor-alabama-factory-2022-07-22/ (last visited July 27, 2022).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

current or former purchasers or lessees of Class Vehicles. Instead, in the Human Rights Policy of Hyundai Motor Company, available on its website, HMC advertises to consumers that it prohibits the use of child laborers throughout its workforce, including its suppliers.[8]

11.     That the child labor is utilized in Defendants' supply chain for the manufacture of Class Vehicles is material to consumers not wishing to support such labor with their purchasing power. In the course of marketing and selling Class Vehicles, however, Defendants materially omit and fail to disclose that Class Vehicles are manufactured using child labor.

12.     Instead, Defendants have profited, and continue to profit, from the sale of Class Vehicles that were manufactured, in part, using child labor. Had Plaintiff and Class Members known that reality, they would not have purchased the Class Vehicles.

13.     Accordingly, Defendants' conduct described herein violates California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq*.), California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200), California False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500, *et seq*.), and constitutes fraudulent concealment under California law. Plaintiff brings this action on behalf of a nationwide class, as well as state-specific class for California, seeking injunctive relief and any other relief deemed appropriate by the court to which this case is assigned.

## JURISDICTION

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100

---

[8] https://www.hyundai.com/content/dam/hyundai/ww/en/images/company/csr/csr-materials/hmc-human-rights-policy-v2-eng.pdf (last visited July 26, 2022).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, based upon restitutionary disgorgement, Defendants' costs of complying with the injunctive relief sought herein, including a third party forensic audit, and the value of that injunctive relief, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15.     This Court has general personal jurisdiction over Defendants because they have corporate headquarters and offices located in this judicial district, conducted substantial business in this judicial district, and/or intentionally and purposefully placed Class Vehicles into the stream of commerce within the districts of California and throughout the United States.

## VENUE

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because HMA maintains its corporate headquarters in this district, Defendants transact business in this district, are subject to personal jurisdiction in this district, and therefore are deemed to be citizens of this district. Additionally, there are one or more authorized Hyundai dealers within this district and Defendants have advertised in this district and have received substantial revenue and profits from their sales and/or leasing of Class Vehicles in this district. Therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

## PARTIES

### A.     PLAINTIFF LEA REIS

17.     Plaintiff Lea Reis ("Plaintiff Reis") is a citizen of the State of California, and currently resides in Torrance, California.

18.     Plaintiff Reis purchased a 2012 Hyundai Sonata.

CLASS ACTION COMPLAINT                    Case No.

1   19.     Plaintiff Reis purchased this vehicle, which was used for personal,
2   family and/or household uses.

3   20.     Plaintiff Reis would not have purchased this vehicle had she known
4   that Defendants used child labor to manufacture Class Vehicles.

5   **B.     DEFENDANTS**

6   21.     Defendant HMC is a multinational South Korean corporation with over
7   123,000 employees worldwide. HMC, through its various entities, designs,
8   manufactures, markets, distributes and sells Hyundai automobiles in California and
9   throughout the United States. HMC operates only one manufacturing facilities in the
10  United States, its subsidiary HMMA, which manufactures Class Vehicles. HMC's
11  wholly owned subsidiary, SMART, manufactures parts that it provides to HMMA
12  for the manufacture of Class Vehicles.

13  22.     Defendant HMA is incorporated and headquartered in the State of
14  California with its principal place of business at 10550 Talbert Avenue, Fountain
15  Valley, California 92708. HMA is HMC's U.S. sales and marketing division, which
16  oversees sales and other operations across the United States. HMA distributes
17  Hyundai vehicles and sells these vehicles through its network of dealerships. Money
18  received from the purchase of a Hyundai vehicle from a dealership flows from the
19  dealer to HMA.

20  23.     There exists, and at all times herein existed, a unity of ownership
21  between Defendants HMC and HMA—as well as their subsidiaries, HMMA and
22  SMART—and their agents such that any individuality or separateness between all of
23  these four entities has ceased and each of them is the alter ego of the others.

24  24.     Upon information and belief, HMC communicates with HMA,
25  HMMA, and/or SMART concerning virtually all aspects of the Hyundai products it
26  distributes within the United States.

27
28

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

6

25.     Upon information and belief, the design, manufacture, distribution, service, repair, modification, installation, and decisions regarding the Class Vehicles were performed by HMA, HMMA, SMART, and HMC.

26.     HMA, HMMA, SMART, and HMC are collectively referred to in this complaint as "Hyundai" or "Defendants" unless identified separately.

27.     Hyundai engages in continuous and substantial business in California.

## CALIFORNIA LAW APPLIES TO THE NATIONWIDE CLASS

28.     It is appropriate to apply California law to the nationwide claims because California's interest in this litigation exceeds that of any other state.

29.     HMA is located in Fountain Valley, California and is the sole entity in the United States responsible for distributing, selling, leasing, and warranting Hyundai vehicles.

30.     HMA maintains its customer relations, engineering, marketing, and warranty department at its corporate headquarters in this district. HMA's customer service complaint address is Hyundai Motor America, P.O. Box 20850, Fountain Valley, CA 92728-0850. HMA's customer relations department is responsible for fielding customer complaints and monitoring customer complaints posted to its website or third-party websites, and, upon information and belief, is also responsible for the decision to conceal the truth that Class Vehicles are manufactured using child labor.

31.     Based on the foregoing, such policies, practices, acts, and omissions giving rise to this action were developed in, and emanated from, Hyundai's headquarters in Fountain Valley, California. As detailed below, HMA also came to know, or should have come to know, of Hyundai's use of child labor through the activities of its divisions and affiliated entities located within California. Accordingly, the State of California has the most significant relationship to this litigation and its law should govern.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

## TOLLING OF STATUTES OF LIMITATIONS

32.    Any applicable statute(s) of limitations has been tolled by Defendants' knowing and active concealment and denial of the facts alleged herein. Plaintiff and the members of the Class could not have reasonably discovered Defendants' use of child labor at the SMART plant until it became public knowledge through the publication of multiple news stories in July 2022 that Defendants employed underage workers at the SMART plant.

33.    In addition, Defendants made multiple public statements on their websites explicitly stating that they prohibited child labor and had measures in place to ensure that its facilities and supply chain were free of child labor.

34.    Defendants were and remain under a continuing duty to disclose to Plaintiff and the Members of the Class the true character, quality, and nature of the Class Vehicles, and that they were manufactured by Hyundai using child labor. As a result of the active concealment by Defendants, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

**A.    Defendants Use Child Labor to Manufacture Class Vehicles in the United States**

35.    In February 2022, an Amber Alert was issued for a 13 year old Guatemalan migrant girl who went missing from her family's home in Enterprise, Alabama.[9]

36.    When local Enterprise police officers met with the girl's parents to investigate, her father, Pedro Tzi, informed them that her and her two brothers aged

---

[9] https://www.dailymail.co.uk/news/article-11039513/Hyundai-subsidiary-used-child-labor-Alabama-factory.html (last visited July 26, 2022).

CLASS ACTION COMPLAINT                    Case No.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

12 and 15 all worked at the SMART plant located in Luverne, Alabama, manufacturing parts for Hyundai vehicles.[10]

37.     The children's father, Mr. Tzi, told reporters that his children worked at the SMART plant instead of attending school because the low-income family needed any income it could get.[11]

38.     It was reported that according to two former employees at the SMART plant, the police attention to the missing girl raised fears among SMART decisionmakers that authorities could soon crack down on Defendants' use of underage workers, so Defendants fired multiple underage employees at the SMART plant.[12]

39.     On or around July 22, 2022, Reuters published an exclusive report discussing Defendants' use of children at the SMART plan to manufacture Hyundai vehicles.[13]

40.     The article states that Reuters interviewed dozens of current and former employees at the SMART plant, who claimed that as many as 50 underage employees—as young as 11 years old—work at the SMART plant, many of whom have foregone schooling in order to work long shifts.[14]

41.     Another former adult worker at SMART was quoted in the Reuters report as stating that she worked alongside about a dozen minors on her shift at the SMART plant.[15]

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

---

[10] *Id.*
[11] *Id.*
[12] https://www.reuters.com/world/us/exclusive-hyundai-subsidiary-has-used-child-labor-alabama-factory-2022-07-22/ (last visited July 26, 2022).
[13] *Id.*
[14] *Id.*
[15] *Id.*

CLASS ACTION COMPLAINT                    Case No.

42.     Another former employee who worked on SMART's assembly line for several years through 2019 said she remembered working with one migrant girl who appeared to be 11 or 12 years old.[16]

43.     SMART's website states that the plant has the ability to supply parts for up to 400,000 vehicles each year for its exclusive customer, HMMA. The SMART plant uses child laborers to manufacture stamped metal and robotic welded parts for three Hyundai vehicles: Elantra, Sonata, and Santa Fe, that account for 37% of Hyundai's sales in the United States through June 2022.

44.     The United Nations has deemed such known hazardous environments and work around dangerous machinery, equipment, or tools as one of the "Worst Forms of Child Labour."[17]

**B.    Prior to the Reuters Report, Defendants Complained of Labor Shortages at the SMART Plant**

45.     The COVID-19 pandemic of 2020 caused a major disruption in America's labor force—something many have referred to as The Great Resignation. In 2021, alone, more than 47 million workers quit their jobs.

46.     Thus, according to various surveys conducted regularly by the Institute of Supply Management, the biggest complaint from American business is the shortage of workers, and those unmet labor needs have held back general growth prospects and placed business in virtually all industries in dire staffing crises.

47.     Defendants were not immune to the labor shortage crisis, particularly at the SMART plant. In late 2020, SMART wrote a letter to U.S. consular officials in Mexico seeking a visa for a Mexican worker. The letter, written by SMART General

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

---

[16] *Id.*

[17] http://www.ilo.org/ipec/facts/WorstFormsofChildLabour/lang--en/index.htm (last visited July 26, 2022).

CLASS ACTION COMPLAINT                    Case No.

Manager Gary Sport stated that the plant was "severely lacking in labor" and that Hyundai "will not tolerate such shortcomings."[18]

48.    Thus, consistent with its letter, SMART refused to "tolerate such shortcomings" by resorting to hiring large swaths of underage employees to manufacture parts for Class Vehicles at the SMART plant.

C.    **Defendants Violated Alabama and Federal Law by Employing Child Laborers at the SMART Plant**

49.    Defendants' use of child laborers at the SMART plant violated both Alabama and federal labor laws.

50.    Under Alabama law, children under the age of 14 are prohibited from working. Ala. Code §25-8-33. The "presence of any person under 18 years of age in any restricted business establishment or restricted occupation shall be prima facie evidence of his or her employment therein." *Id*. Thus, Defendants violated Alabama law to the extent they employed children under the age of 14 at the SMART plant.

51.    Children aged 14-15 are prohibited under Alabama law from working in "any manufacturing or mechanical establishment … mill, workshop, or machine shop." *Id*. Because the SMART plant is a manufacturing plant, Defendants violated Alabama law to the extent they employed children aged 14-15 at the SMART plant.

52.    Further, under Alabama law, "[n]o person under 16 years of age shall be employed … during the hours in which the public schools of the district in which the person resides are in session, unless the minor has completed the course of study required for secondary schools." Ala. Code §25-8-37 (a). Defendants violated this provision of Alabama law to the extent they employed children under 16 years of age at the SMART plant during the local school years.

─────────────────

[18] https://www.reuters.com/world/us/exclusive-hyundai-subsidiary-has-used-child-labor-alabama-factory-2022-07-22/ (last visited July 27, 2022).

CLASS ACTION COMPLAINT                    Case No.

53.     Alabama also requires employers to obtain and maintain work permits for underage employees:

> (b)    No person, firm, or corporation shall employ, permit, or suffer any person 14 or 15 years of age to work in any gainful occupation, except in agricultural service, unless the person, firm, or corporation procures and keeps on file for the inspection by the officials charged with the enforcement of this chapter, a work permit for every person 14 or 15 years of age and a complete list of those persons 14 or 15 years of age employed therein.

> (c)    No person, firm, or corporation shall employ, permit, or suffer any person … 16 or 17 years of age to work in any other gainful occupation, except in agricultural service, unless the person, firm, or corporation procures and keeps on file work permits for those minors.

Ala. Code §25-8-45 (b) & (c). Defendants violated the foregoing provisions to the extent they failed to obtain and maintain the requisite work permits.

54.     Similarly, the Fair Labor Standards Act ("FLSA") prohibits the employment of 14- and 15-year-olds in manufacturing or processing occupations. 29 CFR §570.33(a). Because the SMART plant is a manufacturing plant, Defendants violated this provision.

55.     Further, 29 CFR §570.2 sets an 18-year minimum age requirement with respect to employment in any occupation deemed "particularly hazardous for the employment of minors," which includes all occupations involved in the operation of power-driven metal forming, punching, and shearing machines." 29 CFR § 570.59. Because such machines are used at the SMART plant, Defendants violated the foregoing provision insofar as they employed children under the age of 18.

56.     The troublesome nature of Defendants' employment of underage workers at the SMART plant, in violation of Alabama and federal law, is amplified

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

12

given that the plan has a documented history of dangerous working conditions. The Reuters report contained information provided by David Michaels, the former U.S. assistant secretary of labor for the Occupational Safety and Health Administration ("OSHA"), including that safety at U.S.-based Hyundai suppliers was a recurrent concern at OSHA during his eight years leading the agency until he left in 2017. Michaels visited Korea in 2015, and said he warned Hyundai executives that its heavy demand for "just-in-time" parts was causing safety lapses.

57.     Reuters further reported that its own investigation of records revealed that SMART has been assessed with at least $48,515 in OSHA penalties since 2013, and was most recently fined this year. OSHA inspections at SMART have documented violations including crush and amputation hazards at the factory, which further supports the conclusion that Defendants violated Alabama and federal law prohibiting minors from working at manufacturing and/or "particularly hazardous" locations.

### D.     Defendants Made Public Statements to Consumers that they Strictly Prohibited Child Labor

58.     At the time that Plaintiff and Class members purchased their Class Vehicles, Defendants, their agents, dealers, or other representatives, omitted and/or failed to inform them that Defendants used child labor to manufacture Class Vehicles.

59.     None of the documentation provided by Defendants, their agents, dealers, or other representatives disclosed that reality. Nor did any of Defendants' advertisements to consumers about the Class Vehicles disclose their use of child laborers.

60.     In fact, Defendants made multiple false misrepresentations to consumers that they did not use child laborers and strictly prohibited child labor.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

CLASS ACTION COMPLAINT                    Case No.

61.     The Human Rights Policy of Hyundai Motor Company[19] states in pertinent part:

> Hyundai Motor Company respects and protects the fundamental human rights of all members of the company and of those listed in various International Human Rights Standards (hereinafter "Guidelines") including UN Declaration of Human Rights, UN Guiding Principles on Business and Human Rights, OECD Guidelines for Multinational Enterprises, **UN Convention on the Rights of the Child**, ILO Core Conventions ratified in South Korea, and **applicable laws of countries in which we operate**. We will prevent any case of human rights infringement and at the same time will not be involved in or abet any incident of human rights invasion within the applicable range of our Human Rights Policy. When the Guidelines stated in this human rights policy and the national or local legal regulations conflict, we will apply a stricter standard.
>
> Scope: Hyundai Motor Company recognizes the responsibility to respect the universally accepted human rights in all business activities and in providing products and services. Hence we will manage all processes related to human rights according to this Human Rights Policy. The Policy applies to all employees and executives working for Hyundai Motor Company and is comprehensively applied to all individuals, corporates, agents, brokers, invested companies, and supply chains engaged in a working relationship with HMC as well as to business and investment activities.

_____

[19] https://www.hyundai.com/content/dam/hyundai/ww/en/images/company/csr/csr-materials/hmc-human-rights-policy-v2-eng.pdf (last visited July 26, 2022) (emphasis added).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

CLASS ACTION COMPLAINT                    Case No.

\* \* \*

>Prohibition of Child Labor**: We comply with the minimum age of employment and forbid labor of children and minors under the age of 15.

62.     Article 32 of the UN Convention on the Rights of the Child[20], referenced in the foregoing excerpt from the Human Rights Policy of Hyundai Motor Company—with which Hyundai assured consumers that it complies—states as follows:

>States Parties recognize the right of the child to be protected from economic exploitation and **from performing any work that is likely to be hazardous or to interfere with the child's education**, or to be harmful to the child's health or physical, mental, spiritual, moral or social development.

By employing underage workers at the SMART plant, Defendants failed to comply with UN Convention on the Rights of the Child, despite their affirmative misrepresentations to consumers that they did so.

63.     Similarly, the Hyundai Motor Company Human Rights Charter[21] states in pertinent part:

>Purpose of Establishing the Charter for Human Rights:

>In order to have proactively support human rights, prevent human rights violations following the operation of the business simultaneously and moderate pertinent risk, Hyundai Motor Company hereby proclaims the Charter for Human Rights. For human rights

---

[20] https://www.ohchr.org/en/instruments-mechanisms/instruments/convention-rights-child (last visited July 26, 2022).

[21] https://www.hyundai.com/content/dam/hyundai/ww/en/images/company/sustainability/about-sustainability/policy/hyundai-human-rights-policy-eng-2021.pdf (last visited July 26, 2022).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

CLASS ACTION COMPLAINT                          Case No.

management, Hyundai Motor Company is committed to complying with a wide range of recognized human rights/labor-related international standards and guidelines, such as the Universal Declaration of Human Rights, UN Guiding Principles on Business and Human Rights and International Labor Organization, key agreements, and OECD Due Diligence Guidance for responsible Business Conduct, among others.

Scope of Application of the Charter for Human Rights

This Human Rights Charter applies to all executives and employees (including those working in irregular positions) of Hyundai Motor Company, including production and sales corporate bodies at home and abroad, subsidiaries, second-tier subsidiaries, and joint ventures. In addition, executives and employees of Hyundai Motor Company follow this Charter for Human Rights when collaborating with suppliers, sales and service organizations, and furthermore, we recommend that all stakeholders under the transaction relations respect this Charter for Human Rights. In the event that the matters handled under this Charter for Human Rights contradict the laws and regulations of the local state, the local laws and regulations are complied with first, and with the exception of cases of having special provisions in the laws of local states, articles of incorporation or company regulations of organization, and so forth the works are carried out in accordance with this Charter for Human Rights of Hyundai Motor Company.

CLASS ACTION COMPLAINT                        Case No.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

Human Rights Risk Management System

Hyundai Motor Company should establish an internal system required for implementing the human rights management in accordance with this Charter for Human Rights for respecting the human rights of all officers and employees and relieves the ensuing risk, and the human rights risk is regularly evaluated and improved, sufficiently sharing the result with stakeholders. The organization in charge of human rights management for Hyundai Motor Company carries out the management system of human rights risk following the principle of good faith and due diligence, and reviews the human rights management procedure on a regular basis, actively reflecting social change to revise the management system.



\*       \*       \*

Article 6 Prohibition of Forced Labor and Child Labor

Hyundai Motor Company does not engage in any act of violence, threat, false imprisonment or the like against any officer or employee and it does not coerce any work against the free will by the method of demanding a personal ID or company ID. In addition, child labor is prohibited in principle and the company takes measures so that minors' opportunity for education will not be restricted due to their work.

\*       \*       \*

Operation of the Grievance Procedure

CLASS ACTION COMPLAINT                     Case No.

Hyundai Motor Company operates grievance procedure for all types of human rights violations related to discrimination, harassment, working conditions, humane treatment, freedom of association and collective bargaining, forced or child labor, industrial safety and human rights of local residents and customers as follows.

64.     The foregoing statements falsely represented—and failed to disclose—to Class members that Defendants did not employ underage workers. By making the foregoing public statements to consumers about child labor, Defendants had a duty to disclose the truth that they employed child workers at the SMART plant.

65.     In light of the foregoing public statements claiming to prohibit child labor, Defendants are—and were at all relevant times—well aware of the consumer concern about human rights abuses in supply chains, particularly child labor abuses. Their hollow public statements mask the unfortunate reality that Hyundai vehicles are manufactured in the United States by children working in a documented, known dangerous manufacturing plant, in violation of Alabama and federal law. Had consumers known the truth, they would not have purchased their Class Vehicles.

## CLASS ALLEGATIONS

66.     Plaintiff brings this action on her own behalf, and on behalf of the following nationwide class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2):

**Nationwide Class:** All persons or entities in the United States who are current or former owners and/or lessees of a Class Vehicle.

67.     In the alternative to the Nationwide Class, and pursuant to Federal Rule of Civil Procedure 23(c)(5), Plaintiff seeks to represent the following state class only in the event that the Court declines to certify the Nationwide Class above:

**California Class:**

All persons or entities in California who are current or former owners and/or lessees of a Class Vehicle.

18

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

68.     Together, the California Class and Nationwide Class shall be collectively referred to herein as the "Class." Excluded from the Class are HMA, HMC, their affiliates, employees, officers, and directors, persons or entities that purchased the Class Vehicles for resale, and the Judge(s) assigned to this case. Also excluded from the Class are new and used motor vehicle dealerships engaged in the business of buying, selling or dealing in motor vehicles. Plaintiff reserves the right to modify, change, or expand the Class definitions based on discovery and further investigation.

69.     <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendants and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis allege, that hundreds of thousands of Class Vehicles have been sold and leased in each of the states that are the subject of the Class.

70.     <u>Existence of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These common legal and factual questions include, but are not limited to, whether:

a.  Defendants employed underage workers at the SMART plant to manufacture Class Vehicles;

b.  Defendants knew that they employed underage workers at the SMART plant but failed to disclose that to consumers;

c.  A reasonable consumer would consider Defendants' use of underage workers in the manufacture of Class Vehicles to be material;

d.  Defendants should be required to disclose its employment of underage workers at all of its manufacturing facilities;

e.  Defendants' conduct violates the California Consumer Legal Remedies Act, the California Unfair Competition Law,

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1  California False Advertising Law, and the other common law

2  claim alleged herein;

3     f.  The Class is entitled to the injunctive relief sought herein.

4  71.  <u>Typicality</u>: All of Plaintiff's claims are typical of the claims of the

5  Class because Plaintiff purchased a Class Vehicle under the same false impression

6  about Defendants' use of child workers in their manufacturing facilities.

7  Furthermore, Plaintiff and all Members of the Class are seeking the same injunctive

8  relief against Defendants enjoining them from employing underage workers.

9  Plaintiff is advancing the same claims and legal theories on behalf of herself and all

10  absent Class Members.

11  72.  <u>Adequacy</u>: Plaintiff is adequate representatives because their interests

12  do not conflict with the interests of the Class that they seek to represent, they have

13  retained counsel competent and highly experienced in complex class action

14  litigation, and they intend to prosecute this action vigorously. The interests of the

15  Class will be fairly and adequately protected by Plaintiff and her counsel.

16  73.  A class action is appropriate here under Rule 23(b)(2) because

17  Defendants have acted and refused to act on grounds generally applicable to the

18  Class as a whole, such that final injunctive relief is appropriate with respect to the

19  Class as a whole.

20  74.  Defendants have acted, and refused to act, on grounds generally

21  applicable to the Class, thereby making appropriate final equitable relief with

22  respect to the Class as a whole.

23

24

25

26

27

28

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

CLASS ACTION COMPLAINT        Case No.

## FIRST CAUSE OF ACTION

**VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA") (Cal. Civ. Code § 1750, *et seq.*)**

**(Brought By Plaintiff On Behalf of the Nationwide Class or, Alternatively, the California Class)**

75.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

76.     Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class or, alternatively, the California Class.

77.     Defendants are "persons" as that term is defined in California Civil Code § 1761(c).

78.     Plaintiff and the Class Members are "consumers" as that term is defined in California Civil Code §1761(d).

79.     Defendants caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue and misleading, concerning the nature of the Class Vehicles.

80.     Defendants engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiff and Class Members that the Class Vehicles were assembled using parts manufactured by underage workers. These acts and practices violate, at a minimum, the following sections of the CLRA:

§1770 (a)(2) Misrepresenting the source, sponsorship, approval or certification of goods or services;

§ 1770 (a)(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

21

CLASS ACTION COMPLAINT                    Case No.

§1770 (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

§1770 (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

§1770 (a)(9) Advertising goods and services with the intent not to sell them as advertised.

81.   Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public.

82.   Defendants knew that the Class Vehicles were not of the nature and characteristics that Defendants advertised them to be.

83.   Defendants were under a duty to Plaintiff and the Class Members to disclose the true nature of the Class Vehicles and that Defendants illegally used underage workers to manufacture parts contained in them because:

   a. Defendants were in a superior position to know the true state of facts about how the Class Vehicles were manufactured;

   b. Plaintiff and the Class Members could not reasonably have been expected to learn or discover that the Class Vehicles contained parts manufactured by underage workers;

   c. Defendants knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover that Class Vehicles contained parts manufactured by underage workers; and

   d. Defendants actively concealed the true nature of the Class Vehicles by asserting to Plaintiff and Class Members that child labor was strictly prohibited by Defendants and that they had established a

22

CLASS ACTION COMPLAINT                    Case No.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

system to ensure that no Human Rights violations would be committed by any of their subsidiaries or affiliated entities, particularly child labor abuses despite knowing SMART employed underage workers to manufacture parts for Class Vehicles.

84.     In failing to disclose the truth about their use of child labor to manufacture Class Vehicles, Defendants have knowingly and intentionally concealed material facts and breached their duty to disclose.

85.     The facts concealed or not disclosed by Defendants to Plaintiff and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Defendants' Class Vehicles. Had Plaintiff and the Class known about Defendants' use of child labor in manufacturing the Class Vehicles, they would not have purchased the Class Vehicles.

86.     Plaintiff's and the other Class Members' injuries were proximately caused by Defendants' fraudulent and deceptive business practices. Plaintiff and the other Class Members seek only injunctive relief under the CLRA.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (Cal. Bus. & Prof. Code § 17200)

### (Brought by Plaintiff On Behalf of the Nationwide Class or, Alternatively, the California Class)

87.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

88.     Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class or, alternatively, the California Class.

89.     The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or

practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

90.    Defendants have engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the Class Members that the Class Vehicles contain parts manufactured by underage workers. Defendants should have disclosed this information because they were in a superior position to know the true facts of its use of child labor, and Plaintiff and Class Members could not reasonably be expected to learn or discover those true facts.

91.    By making public statements stating that Defendants prohibited the use of child labor and had processes in place to detect and prevent the use of child labor, Defendants triggered a duty to disclose their use of child labor to manufacture Class Vehicles.

92.    These acts and practices have deceived Plaintiff and are likely to deceive the public. In failing to disclose the use of child labor and suppressing other material facts from Plaintiff and the Class Members, Defendants breached their duties to disclose these facts and violated the UCL. The omissions and acts of concealment by Defendants pertained to information that was material to Plaintiff and the Class Members, as it would have been to all reasonable consumers.

93.    Defendants' acts and practices are unlawful because they violate California Civil Code §§ 1668, 1709, 1710, and 1750 *et seq.*, and California Commercial Code § 2313, as well as Alabama and federal child labor law as alleged in *supra* ¶¶ 49-57.

94.    Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendants, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

CLASS ACTION COMPLAINT                    Case No.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

### (Cal. Bus. & Prof. Code § 17500, *et seq.*)

### (Brought By All Plaintiff On Behalf of the Nationwide Class or, Alternatively, the California Class)

95.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

96.     Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class or, alternatively, the California Class.

97.     California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

98.     Defendants caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue and misleading, concerning Hyundai's use of child labor in the SMART plant to manufacture Class Vehicles.

99.     Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public, and did in fact deceive consumers and the purchasing public.

CLASS ACTION COMPLAINT                    Case No.

100.   Defendants knew that the Class Vehicles contained parts manufactured by underage workers at the SMART plant, contrary to their public statements to consumers and the public that Defendants strictly prohibited child labor and had measures in place to detect and prevent it at their facilities.

101.   Defendants were under a duty to Plaintiff and the Class Members to disclose that Class Vehicles contained parts manufactured by child labor because:

a.   Defendants were in a superior position to know the true state of facts about their use of child labor at the SMART plant to manufacture parts for Class Vehicles;

b.   Plaintiff and the Class Members could not reasonably have been expected to learn or discover that the Class Vehicles contained parts manufactured by underage workers;

c.   Defendants knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover their use of child labor; and

d.   Defendants actively concealed their use of child labor by asserting to Plaintiff and Class Members that they strictly prohibited the use of child labor from their supply chains and had measures in place to ensure child labor was not involved in their supply chains.

102.   In failing to disclose the truth that they utilized child labor in the SMART plant, Defendants have knowingly and intentionally concealed material facts and breached their duty to disclose.

103.   The facts concealed or not disclosed by Defendants to Plaintiff and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Defendants' Class Vehicles. Had Plaintiff and the Class known about Defendants' use of child labor to manufacture parts for the Class Vehicles, they would not have purchased the Class Vehicles.

104.    Defendants have violated section 17500 because the misrepresentations and omissions regarding their prohibition of child labor in the manufacturing of their Class Vehicles as set forth in this Complaint were material, untrue and misleading and likely to deceive a reasonable consumer.

105.    In purchasing or leasing their Class Vehicles, Plaintiff and the other Class Members relied on the misrepresentations and/or omissions of Defendants with respect to their prohibition on the use of child labor in their supply chains and the manufacturing of the Class Vehicles. Defendants' representations were untrue and misleading because the Class Vehicles contain parts that were manufactured by child labor in the SMART plant. Had Plaintiff and the other Class Members known this, they would not have purchased or leased their Class Vehicles.

106.    All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' businesses. Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the state of California and nationwide.

107.    Plaintiff, individually and on behalf of the other Class Members, seeks only injunctive relief and request that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing their untrue and misleading practices and for such other relief set forth below.

## FOURTH CAUSE OF ACTION

## FRAUDULENT CONCEALMENT UNDER THE COMMON LAW OF CALIFORNIA,

## (Brought By All Plaintiff On Behalf of the Nationwide Class or, Alternatively, the California Class)

108.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

109.    Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class or, alternatively, the California Class.

27

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

110.   Defendants intentionally concealed, suppressed, and omitted the material fact of Defendants' use of child labor to manufacture parts for the Class Vehicles.

111.   Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

112.   Defendants knew that the Class Vehicles contained parts manufactured using child labor.

113.   Defendants were under a duty to Plaintiff and the Class Members to disclose the use of child labor in manufacturing Class Vehicles because:

a.   Defendants were in a superior position to know the true state of facts about their use of child labor at the SMART plant to manufacture parts for Class Vehicles;

b.   Plaintiff and the Class Members could not reasonably have been expected to learn or discover that the Class Vehicles contained parts manufactured by underage workers;

c.   Defendants knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover their use of child labor; and

d.   Defendants actively concealed their use of child labor by asserting to Plaintiff and Class Members that they strictly prohibited the use of child labor from their supply chains and had measures in place to ensure child labor was not involved in their supply chains.

114.   In failing to disclose the use of child labor in manufacturing the Class Vehicles, Defendants have knowingly and intentionally concealed material facts and breached their duty to disclose.

115.   The facts concealed or not disclosed by Defendants to Plaintiff and the Class Members are material in that a reasonable consumer would have considered

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

28

them to be important in deciding whether to purchase Defendants' Class Vehicles. Had Plaintiff and the Class known about Defendants' use of child labor to manufacture the Class Vehicles, they would not have purchased the Class Vehicles.

116.   Defendants knew or should have known about the use of child labor at the SMART plant due to their involvement in, and oversight and orchestration of, the supply chain and manufacturing process of Class Vehicles.

117.   Plaintiff and the Class members did not know these facts that were concealed from them by Defendants. Moreover, as ordinary consumers, Plaintiff and the Class members did not, and could not, unravel the deception on their own.

118.   Defendants concealed the truth about the use of child labor, intending for Plaintiff and the Class to rely on their misrepresentations and omissions. Plaintiff and the Class members relied on Defendants' misrepresentations and omissions in choosing to purchase or lease their Class Vehicles, believing them to be free from child labor in their manufacturing process and supply chains.

119.   Plaintiff and Class members were reasonable and justified in their reliance on Defendants' representations about the Class Vehicles and omissions about child labor because Defendants are multinational automakers well-versed in the supply chain and manufacturing of automobiles.

120.   Defendants had a duty to disclose the use of child labor to Plaintiff and Class members because the true facts about the use of child labor were known and accessible only to Defendants, and because Defendants knew these facts were not known to or reasonably discoverable by Plaintiff or the Class members unless and until the inner workings of Defendants' manufacturing process were revealed to the public.

121.   Plaintiff and the Class are entitled to an order enjoining Defendants' unlawful conduct and any other just and proper relief available under California common law.

CLASS ACTION COMPLAINT                    Case No.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, respectfully request that this Court:

a.  determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

b.  appoint Plaintiff as the representatives of the Class and their counsel as Class counsel;

c.  grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants to cease all use of child labor in the manufacture of Class Vehicle and implement adequate procedures to ensure that child labor is never again used for the manufacture of Class Vehicles;

d.  award reasonable attorneys' fees and costs; and

e.  grant such further relief that this Court deems appropriate.


Dated: July 28, 2022                NYE, STIRLING, HALE & MILLER, LLP

                                    By:     */S/ Alison Bernal*
                                            Alison M. Bernal, Esq.
                                            alison@nshmlaw.com
                                            33 West Mission Street, Suite 201
                                            Santa Barbara, CA 93101
                                            T: (805) 963-2345

                                            Joseph G. Sauder, Esq. (*pro hac vice* forthcoming)
                                            Matthew D. Schelkopf, Esq. (*pro hac vice* forthcoming)
                                            **SAUDER SCHELKOPF**
                                            1109 Lancaster Avenue
                                            Berwyn, PA 19312
                                            Telephone: (610) 200-0581

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

30

CLASS ACTION COMPLAINT                          Case No.

1
2

jgs@sstriallawyers.com
mds@sstriallawyers.com

3
4
5
6
7

Bonner C. Walsh, Esq. (*pro hac vice*)
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

8
9

*Attorneys for Plaintiff and Putative Class*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

CLASS ACTION COMPLAINT                              Case No.

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff Lea Reis, on behalf of herself and the putative class, hereby demands

3

a trial by jury of all claims so triable in the above-referenced matter.

4

5

Dated: July 28, 2022                    NYE, STIRLING, HALE & MILLER, LLP

6

7

By:    */S/ Alison Bernal*

8

Alison M. Bernal, Esq.

alison@nshmlaw.com

9

33 West Mission Street, Suite 201

Santa Barbara, CA 93101

10

T: (805) 963-2345

11

12

Joseph G. Sauder, Esq. (*pro hac vice*

forthcoming)

13

Matthew D. Schelkopf, Esq. (*pro hac vice*

forthcoming)

14

**SAUDER SCHELKOPF**

15

1109 Lancaster Avenue

Berwyn, PA 19312

16

Telephone: (610) 200-0581

jgs@sstriallawyers.com

17

mds@sstriallawyers.com

18

19

Bonner C. Walsh (*pro hac vice*

forthcoming)

20

**WALSH PLLC**

21

1561 Long Haul Road

Grangeville, ID 83530

22

Telephone: (541) 359-2827

23

Facsimile: (866) 503-8206

bonner@walshpllc.com

24

25

*Attorneys for Plaintiff and Putative Class*

26

27

28

CLASS ACTION COMPLAINT                                                  Case No.